552 A.2d 904

Rebecca L. BERGQUIST et al.

v.

Irene R. MAGALSKI, Pers. Rep. of the Estate of Edward Magalski.

No. 50, Sept. Term, 1987.

Court of Appeals of Maryland.

Feb. 7, 1989.

Eugene B. Connor, Jr. (Harvey A. Kirk and Saiontz & Kirk, P.A., on the brief), Baltimore, for appellants.

Burton H. Levin (Robert H. Bouse, Jr. and Anderson, Coe & King, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

COLE, Judge.

In this case we are asked to decide whether the three year statute of limitations (Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1974, 1984 Repl.Vol., 1988 Cum.Supp.)) was tolled by the filing of a complaint against a deceased defendant, where the plaintiff relied on an incorrect docket entry indicating that the defendant had been served, when in fact service on the defendant was returned *mortuus est.* We set forth the facts which give rise to this issue.

On July 20, 1982, Rebecca Bergquist (the petitioner) and Edward Magalski were involved in an automobile accident. On May 20, 1985, two years and ten months after the accident, Rebecca and Charles Bergquist filed a complaint against Edward Magalski in the Circuit Court for Baltimore County, seeking damages for personal injuries and property damage arising out of the accident. Unknown to the Bergquists, Magalski had died in December, 1983; the Sheriff's return of service filed with the court indicated his deceased status. However, the court clerk's docket entry of May 28, 1985, relied upon by the Bergquists, incorrectly stated that Edward Magalski had been served.

On August 14, 1985, more than three years after the accident, Mrs. Irene Magalski (Edward Magalski's widow and the respondent herein), through her insurer, filed a motion to dismiss the Bergquists' complaint on grounds of improper service. The court denied the motion to dismiss the action but quashed the service of process. On December 18, 1985, the Orphan's Court for Baltimore County appointed Irene Magalski personal representative for her husband's estate. Having learned of Edward Magalski's death through the motion to dismiss, the Bergquists filed an amended complaint naming Irene Magalski, personal representative of Edward Magalski, as defendant. On November 20, 1986, the Honorable Leonard Jacobson of the Circuit Court for Baltimore County granted Irene Magalski's motion for summary judgment, holding that the statute of limitations barred the claim. The Bergquists appealed to the Court of Special Appeals but we granted certiorari prior to argument in the intermediate appellate court.

The Bergquists contend that but for the erroneous docket entry, they would have learned of Mr. Magalski's death in time to amend their complaint to name a proper defendant within three years of the date of the accident. Consequently, the Bergquists urge this Court to recognize an equitable or implied exception to the statute of limitations to enable their claim to be heard on the merits. On the other hand, Mrs. Magalski argues that it is within the province of the legislature, not the courts, to engraft equitable exceptions onto statutes of limitations. Magalski cites a long line of Maryland cases to support her position, including *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623, 500 A.2d 641 (1985), where this Court stated, "[w]e have long adhered to the principle that where the legislature has not expressly provided for an exception in a statute of limitations, the court will not allow any implied or equitable exception to be engrafted upon it."

We find it unnecessary to pass upon the specific question posed by the parties because in our view the facts of this

case fall within an exception to the statute of limitations expressly provided for by the legislature. We explain.

Two statutory provisions, Md. Estates and Trusts Code Ann. §§ 8–102(b) and 8–103(a) (1974, 1988 Cum.Supp.), control here. Section 8–102(b) provides as follows:

(b) *Effect of death.*—Subject to § 8–103(a), a period of limitations which would terminate, except for the death of the decedent, during the period from the death of the decedent until six months after the date of the first appointment of a personal representative, is automatically extended until six months after the date of the first appointment of a personal representative.

Section 8–103(a) states the following:

(a) *General.*—Except as otherwise expressly provided by statute with respect to claims of the United States and the state, all claims against an estate of a decedent, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within six months after the first appointment of a personal representative.

Section 8–102(b), in essence, provides that, subject to § 8–103(a), a period of limitations which would terminate during the period from the decedent's death until six months after appointment of a personal representative, is automatically extended to six months after the appointment of the personal representative. Section 8–103(a) provides that all claims against a decedent's estate, including those founded on tort, are forever barred unless presented within six months after appointment of the personal representative.

Under the facts here, the accident occurred on July 20, 1982, so that the statute of limitations would not bar suit until three years thereafter. Here, too, Edward Magalski died December 14, 1983. Thus, under § 8–102(b), Magalski's death would have the effect of suspending the bar of

the statute until six months after his personal representative was appointed—or stated differently, until June 19, 1986. Since the amended complaint naming the personal representative as defendant was filed on December 24, 1985, it would appear that Bergquist's suit was timely.[1]

At this point and under ordinary circumstances our resolution of the issue would be complete. However, because of the wording of the statute and the comment thereto appended by the Governor's Commission to Study and Revise the Testamentary Laws of Maryland, we feel constrained to point out an incongruity.

First of all, a reading of § 8–102(b) indicates that the six month extension of the statute of limitations begins to run upon the appointment of the personal representative—an event with no fixed date and which may or may not ever occur.

Secondly, the comment to § 8–102(b) says that the extension of the period of limitations "is not intended to extend the period beyond what it would be if the period had not terminated during the six months as described." At first blush, we find this comment to be unclear and confusing. By its terms, § 8–102(b)'s extension is intended to extend the period of limitations. What then did the commentator intend to explain? We turn to the history of the statute to gain some insight to its meaning.

Section 8–102 had its genesis in the second report of the Governor's Commission to Study and Revise the Testamentary Laws of Maryland, published in 1968. The Commission's report was thereafter known as the Henderson Report, after its chairman, The Hon. William L. Henderson, a former Chief Judge of this Court.

The Henderson Report's version of § 8–102 provided as follows:

---

1. No one has raised the question concerning the procedural device of an amended complaint under these circumstances and, therefore, we express no opinion thereon.

No claim which was barred by any statute of limitations at the time of the decedent's death shall be allowed or paid. Subject to Section 8–103(a), any period of limitations which would terminate, except for the decedent's death, during the four months period following the decedent's death shall automatically be extended for an additional four months after its original termination date.

The first sentence of this proposal barred all actions against which the statute of limitations would have run at the time of the decedent's death. The second sentence dealt with the period in which the statute of limitations would not expire before death, but rather, within four months thereafter; in such cases limitations would be extended for four months after the statutory period's original termination date.

The Henderson Report's comment to its proposed § 8–102 provided:

> The first sentence is a reversal of the present law, which is found in § 106 (Art. 93 of the Code).... The Commission felt that to acknowledge one barred claim and not another, as is permitted under the present law which allows a personal representative to waive limitations in his discretion, is unfair both to the personal representative and the creditor as to whom limitations are not waived.

> The extension of the period of limitations described in the second sentence is not intended to extend the period beyond what it would be if the period had not terminated during the four months as described.

The Henderson Report made clear that the Commission intended to eliminate the virtually unbridled discretion previously vested in a personal representative regarding claims against which the statute of limitations would be asserted. At the same time, the Commission sought to provide a reasonable period of time, viz., four months after the statute of limitations' original termination date, for a decedent's creditors to assert any claims they might have. This con-

clusion is borne out by the Henderson Report's proposed § 8–103(a), and the comment thereto.

Section 8–103(a), as proposed, provided in pertinent part as follows:

> ... [A]ll claims against a decedent's estate, which arose before the death of the decedent, whether ... founded on ... tort, or other legal basis, shall be forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within four months after the date of the first published notice to creditors, or if notice to creditors has not been published, within the expiration of the period of limitations otherwise applicable.

The Henderson Report's comment to this section provided the following insight:

> The Commission concluded that if a creditor has not filed his claim within four months after notice to creditors he should be barred from proceeding against not only the estate, but also the legatees or the heirs. This represents a fundamental change in the current Maryland law. Under the case of *Zollickoffer v. Seth,* 44 Md. 359 (1876), a creditor may proceed against the heirs or legatees even if he has not filed a claim against the estate. In many instances, the assertion of a claim against the heirs or legatees, after the final distribution of the estate, has resulted in considerable, and quite unexpected, hardship. The Commission felt that at some point after a decedent has died the heirs and legatees ought to be able to receive the property with the assurance that no further claims could be made against them. *The selection of a four month date was felt to be reasonable in that it would give creditors sufficient time to file their claims, and would also encourage the prompt administration and settlement of the estate.* [Emphasis added].

Thus, the Commission proposed that to remain viable, a claim had to be presented within four months after the date of the first published notice to creditors. If no notice was

published, then the expiration of the period of limitations would be a bar.

It seems apparent to us that the Commission intended by the second sentence of its comment to § 8–102 to complete its scheme. To recap, it had by the first sentence of its comment barred all claims against which the statute of limitations had run at the time of the decedent's death. In the second sentence, it dealt with the situation in which the statute of limitations would expire after the decedent's death but within four months thereof; under those circumstances it extended the period of limitations for four months from the original expiration date. As we see it, the comment's final sentence meant to emphasize that if the creditor's action would not expire within four months of the decedent's death but, rather, at a time beyond the four month period then the extended grace period would not apply. The Commission's position made sense because if the period of limitations extended beyond four months after the decedent's death, then the claimant would have more than the grace period allowed to perfect its claim.

However, this comment became an anachronism when it was carried over as an appendage to each legislative enactment after the Henderson Report without regard to the statutory scheme's significantly changing character. The Henderson Commission's proposal sought to achieve two objectives: first, to provide creditors adequate time to file their claims, and second, to encourage the expeditious settlement of estates. Under § 8–102 as proposed by the Henderson Report, the statute of limitations was extended for four months after its original termination date, an easily ascertainable and finite period of time. However, subsequent legislative action changed the substance of this scheme.

When the legislature enacted this section in 1969, it substituted "date of the first published notice to creditors" for "decedent's death" and changed the time period from four to six months. In 1971, the legislature substituted "appointment of a personal representative" for "published

notice to creditors." These changes, setting no specific period in which the stated event must occur, suspend the operation of the statute until that event occurs. In other words, the present statute will not run to bar a claim until six months after the personal representative is appointed, thereby allowing a potentially infinite extension of the limitations period. We doubt seriously if the legislature intended such an incongruous result in the face of the Henderson Report's reasonable recommendation that the extended viability of the claim be limited by a *finite* period following the statute of limitations' original termination date.

Despite this statutory anomaly, under the circumstances of this case, the Bergquist claim was filed timely because it was filed within six months of the appointment of the personal representative.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENT TO PAY THE COSTS.